UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
K.S. on Behalf of Herself and Her Minor
Child, D.S,

                *Plaintiffs*,                      21 Civ. 4649 (PAC)

    -against-

                                  **Memorandum Opinion**

THE CITY OF NEW YORK, ST. VINCENT'S
SERVICES, INC., HEARTSHARE HUMAN
SERVICES OF NEW YORK, HEARTSHARE
ST. VINCENT'S SERVICES, THE
ADMINISTRATION FOR CHILDREN'S
SERVICES, COMMISSIONER DAVID
HANSELL, In His Official Capacity,
ACS J. DOE 1, ACS J. DOE 2, JOHN OLUFEMI,
ST. VINCENT'S J. DOE 1, ROSALYN
CHERNOFSKY, LYDIA KING, DAWN
SAFFAYEH, NEW YORK CITY DEPARTMENT
OF EDUCATION; NEW YORK CITY BOARD
OF EDUCATION; CHANCELLOR MEISHA
PORTER, In her Official Capacity,

                *Defendants*.
------------------------------------------------------------X

On May 16, 2023, the Court held a hearing on Plaintiff's motion for a mandatory temporary restraining order and preliminary injunction to compel the City Defendants[1] to fund D.S.'s placement at Family First Adolescent Services ("FFAS"). *See* ECF Nos. 95–102. At the hearing, the parties briefly conferred off the record and informed the Court they had narrowed the issues in controversy, but that some outstanding areas of

---

[1] City Defendants refer to City of New York, the New York City Administration for Children's Services ("ACS"), ACS Commissioner David Hasnell, the New York City Department of Education ("DOE"), the New York City Board of Education ("BOE"), and former DOE Chancellor Meisha Porter, Paul Frankel, and Tyanda Smith. Plaintiff's preliminary injunction mainly involves the DOE. *See* Def.'s Letter, ECF No. 101.

1

disagreement required Court intervention. The Court directed the parties to meet and confer and submit a proposed order indicating their areas of agreement and those still in dispute. After receiving the parties' submissions, the Court issued its order ("Order") in a separate decision. *See* Order, ECF No. 105. This opinion serves to elaborate on this case's unique background and the reasons underlying the Order.

## Memorandum Opinion[2]

D.S. is a student with disabilities under the Individuals with Disabilities Education Act ("IDEA"). *See* 20 U.S.C. §§ 1400 *et seq.* In May 2021, Plaintiff filed a Complaint in this Court against various New York City education and foster care agencies alleging, *inter alia*, violations of the IDEA and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, stemming from alleged conduct in the process leading up to and after her adoption of D.S. *See* Compl., ECF No. 1; Second Am. Compl., ECF No. 64.[3]

Pursuant to D.S.'s Individualized Education Plans, or "IEPs" from August 2020 through April 2023, D.S. is entitled to a residential placement for education services, provided to him by the Defendant New York City Department of Education ("DOE"). The DOE and Plaintiff are currently litigating before an Impartial Hearing Officer ("IHO") in Case No. 210063 D.S.'s access to a free appropriate public education ("FAPE") for the 2019-2020, 2021-2022, and 2022-2023 school years. The DOE, unable to provide residential placements for D.S., has previously funded residential facilities located by K.S. *See* Hyman Decl. ¶¶ 6–9, ECF No. 96.

---

[2] The Court presumes familiarity with its January 26, 2023, order and therefore only briefly summarizes and updates the facts here. *See* Prelim. Inj. Hr'g Tr.; Order, ECF No. 77.

[3] Defendants' motions to dismiss Plaintiff's Second Amended Complaint remain pending. *See* ECF Nos. 80, 94.

In late 2022, D.S. was removed from his prior placement at a residential facility in Massachusetts and put into juvenile detention. Plaintiff sought to have the DOE fund D.S.'s placement at the J. Flowers Heath Institute ("Flowers") in Texas as pendency. Plaintiff then moved for an Emergency Interim Order before the IHO. After holding two conferences and a formal hearing on the motion—where the DOE was present and given a full and fair opportunity to voice any objections or make its own case—the IHO on January 5, 2023, entered an Emergency Interim Order granting relief. On January 23, 2023, the IHO denied DOE's motion to reargue.

In its January 5, 2023, order, the IHO noted that the following facts were not in dispute: D.S.'s history of sexual abuse and neglect; his severe psychological and behavioral issues that require intensive diagnostic services; that the DOE has recommended a residential placement but was unable to locate one; that D.S. had been rejected from approximately 100 residential settings; that D.S.'s pendency placement was a residential setting, but he had been unable to return to his prior facility pursuant to a court order deeming it unsafe for him to return after he exhibited unsafe behavior caused by his underlying disability; and Plaintiff's inability to pay for a new facility and seek reimbursement.

The DOE, present for the proceedings, did not object to any of the facts or Plaintiff's requested relief. The IHO ordered that the DOE fund Flowers as a pendency placement, subject to various conditions. *See generally*, Hyman Decl. Ex. A.

After the DOE failed to timely remit payment to Flowers,[4] Plaintiff moved this

---

[4] Plaintiff represented both to the IHO and this Court that Flowers would only hold D.S.'s seat temporarily, pending payment by a specified date. Plaintiff maintains the same here, regarding FFAS. *See* Pl's Letter Reply at 2, ECF No. 102. The DOE does not appear to

Court for a mandatory temporary restraining order and preliminary injunction compelling the DOE to comply with the IHO's order. The DOE agreed that D.S. was entitled to placement at Flowers pursuant to the IDEA's pendency or "stay-put" provision. *See* 20 U.S.C. §1415(j). The Court further found that, consistent with *Ventura de Paulino v. New York City Dep't of Educ.*, 959 F.3d 519, 534 n.65 and 20 U.S.C. § 1415(i)(2)(c)(iii), Plaintiff was entitled to a preliminary injunction requiring, *inter alia*, the DOE to fund Flowers. The Court—in line with the IHO's order—also provided that the DOE "will continue to fund [D.S.]'s tuition at another residential setting" if he is unable to be maintained at Flowers. *See* Order, ECF No. 77.

In April 2023, D.S. was permanently removed from Flowers due to the severity of his behavioral conditions. Plaintiff subsequently identified FFAS—a residential program in Florida—and seeks to enroll D.S. there. *See* Hyman Decl. ¶ 49. The parties proposed and ultimately agreed to most of the provisions adopted in the Order, including, crucially, that D.S. is entitled to placement at FFAS, at least temporarily.

However, the parties failed to agree to several ancillary issues, mainly involving the duration and extent of the DOE's payment obligations. Because the Court doubts the current justiciability of these issues, *see Mendez v. Banks*, 65 F.4th 56, 60 (2d Cir. 2023) (cautioning that courts should refrain from "premature adjudication" and avoid "entangling themselves in abstract disagreements" (quoting *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013)), it declines to address them now. Any denial of either party's requested relief is without prejudice to its renewal. *See Weight Watchers Intern., Inc. v. Luigino's, Inc.*, 423 F.3d 137, 141 (2d Cir. 2005).

---

dispute this.

4

## CONCLUSION

For the reasons stated above, the Plaintiff's motion for a temporary restraining order and preliminary injunction is **GRANTED** in part and **DENIED** in part. The parties should refer to the Court's Order, ECF No. 105, for the specific relief granted.

Dated: New York, New York  
      May 17, 2023

SO ORDERED

_____  
HONORABLE PAUL A. CROTTY  
United States District Judge