Index No. 21-cv-04649

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

K.S. on behalf of herself and her Minor Child, D.S.,

Plaintiffs,

-against-

CITY OF NEW YORK, et al.,

Defendants.

**CITY DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO PARTIALLY DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
  *Attorney for Defendants*
  *100 Church Street*
  *New York, N.Y.  10007*

  *Of Counsels: Jay Cullen & Jacquelyn Dainow*
  *Tel:  (212) 356-2079; (212) 356-0896*
  *Matter #:  2021-011665*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................... iii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT

    POINT I

        PLAINTIFF'S ALLEGATIONS FAIL TO SUFFICIENTLY STATE A CLAIM AGAINST FRANKEL AND SMITH, AND THESE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY .................................................................................. 1

        A.  Frankel and Smith's lack of alleged personal involvement. .................................................................................. 1

        B.  Frankel and Smith's entitlement to Qualified Immunity .................................................................................. 3

    POINT II

        COUNT VI OF THE SAC SHOULD BE DISMISSED AS PROCEDURALLY DEFECTIVE AND CONCLUSORY .................................................................................. 4

        A.  Plaintiff failed to file a Notice of Claim. ............................................. 4

        B.  Plaintiff's allegations are not sufficiently specific to sustain a fraud claim. ............................................. 5

    POINT III

        COUNT VII OF THE SAC WARRANTS DISMISSAL AS IT FAILS TO SPECIFICALLY CLAIM A BREACH BY CITY DEFENDANTS .................................................................................. 6

    POINT IV

        COUNT IX OF THE SAC SHOULD BE DISMISSED AS IT FAILS TO PLEAD THAT D.S. WAS DISCRIMINATED AGAINST SOLELY BASED ON HIS DISABILITY .................................................................................. 6

**Page**

POINT V

    COUNT X OF THE SAC SHOULD BE DISMISSED AGAINST DOE BECAUSE PLAINTIFF FAILED TO FILE A NOTICE OF CLAIM PURSUANT TO EDUC. LAW § 3813 ....................................... 8

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                                           **Pages**

*Berrie v. Bd. of Educ.*,
    2017 U.S. Dist. LEXIS 83623 (S.D.N.Y)..............................................................................................10

*Cianciotto on Case behalf of D.S. v. New York City Dep't of Educ.*,
    600 F. Supp. 3d 434, 459 (S.D.N.Y. 2022)........................................................................................6, 7

*Craig Barna & Bronsand Music, Inc. v Rigby*,
    2015 N.Y. Misc. LEXIS 2007 (Sup. Ct. N.Y. Cty. June 8, 2015)............................................................6

*Delee v. Hannigan*,
    729 Fed. App'x 25 (2d Cir. 2018).........................................................................................................2

*Doniger v. Niehoff*,
    642 F.3d 334 (2d Cir. 2011)..................................................................................................................3

*El Omari v. Buchanan*,
    2021 U.S. Dist. LEXIS 236933 (S.D.N.Y. Dec. 10, 2021) ...................................................................6

*Hardy v. New York City Health & Hosps. Corp.*,
    164 F.3d 789 (2d Cir. N.Y. 1999).........................................................................................................4

*LIH ex rel. LH v. New York City Bd. of Educ.*,
    103 F. Supp. 2d 658 (E.D.N.Y July 17, 2000)......................................................................................8

*Malley v. Briggs*,
    475 U.S. 335 (1986)..............................................................................................................................3

*Martinez v. Browne*,
    2023 U.S. Dist. LEXIS 53350 (E.D.N.Y. Mar. 28, 2023).....................................................................2

*Polardo v. Adelberg*,
    2023 U.S. Dist. LEXIS 53219 (S.D.N.Y. Mar. 28, 2023).....................................................................2

*Rutherford v. Fla. Union Free Sch. Dist.*,
    No. 16-CV-9778 (KMK), 2019 U.S. Dist. LEXIS 55971
    (S.D.N.Y. Mar. 29, 2019) .....................................................................................................................8

*Ryan v New York City Health & Hosps. Corp.*,
    2017 N.Y. Misc. LEXIS 4962 (N.Y. Cty. Sup. Ct., 2017) ....................................................................5

*S.W. v. Warren*,
    528 F. Supp. 2d 282 (S.D.N.Y 2007)....................................................................................................7

*Schlenger v. Fid. Emplr. Servs. Co., LLC*,
    785 F. Supp. 2d 317 (S.D.N.Y. 2011)...................................................................................................5

**Cases** **Pages**

*Sheil v. Melucci*,
    94 A.D.3d 766 (2d Dep't 2012)...................................................................................9

*Shields v. Citytrust Bancorp, Inc.*,
    25 F.3d 1124 (2d Cir. 1994)....................................................................................5, 6

*Smith v. City of New York*,
    2016 U.S. Dist. LEXIS 118281 (S.D.N.Y. 2016)......................................................8

*Smith v. City of New York*,
    44 Misc. 3d 1203(A), (N.Y. Sup. Ct. Bx. Cty., 2014) ...............................................4

*Teresta v. New York*,
    304 N.Y. 440 (1952) .............................................................................................. 4-5

*Tylena M. v. Heartshare Children's Services*,
    390 F.Supp.2d 296 (S.D.N.Y. 2005).........................................................................8

*Tyson v. City of N.Y.*,
    2019 U.S. Dist. LEXIS 195386 (S.D.N.Y. Nov. 8, 2019).........................................3

*United States v. New York City Dep't of Educ.*,
    2017 U.S. Dist. LEXIS 51379 (S.D.N.Y. 2017).......................................................10

**Statutes**

Fed. R. Civ. P. 9(b) .............................................................................................................6

N.Y. Educ. L. § 3202 .........................................................................................................9

N.Y. Educ. L. § 3813 .........................................................................................................8

N.Y. Educ. L. § 3813(1) ...................................................................................................10

N.Y. Educ. L. § 3818 ........................................................................................................10

N.Y. C.P.L.R. § 214-g .......................................................................................................8

N.Y. Gen. Mun. L. § 50-e(8) .............................................................................................8

## PRELIMINARY STATEMENT

Defendants City of New York, the New York City Administration for Children's Services ("ACS"), ACS Commissioner David Hansell, the New York City Department of Education ("DOE"), the New York City Board of Education ("BOE"), DOE Chancellor Meisha Porter, Paul Frankel, and Tyanda Smith (together, "City Defendants" or "the City") respectfully submit this memorandum of law in further support of their motion to partially dismiss Plaintiff's Second Amended Complaint ("SAC") dated June 22, 2023 (ECF Nos. 107, 108). As discussed more fully below, Plaintiff's opposition wholly fails to meet the many procedural and substantive deficiencies on which this motion is based.

## ARGUMENT

### POINT I

**PLAINTIFF'S ALLEGATIONS FAIL TO SUFFICIENTLY STATE A CLAIM AGAINST FRANKEL AND SMITH, AND THESE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY**

A.   **Frankel and Smith's lack of alleged personal involvement.**

Although Defendants Frankel and Smith are mentioned in only four of the roughly 1000-paragraphs in the SAC, Plaintiff contends that these paragraphs must be read in conjunction with the preceding paragraphs. This is a futile attempt to reframe Plaintiff's allegations against ACS generally and impute such claims to Frankel and Smith. The majority of the allegations in the SAC specifically identify to whom they refer, and both Frankel and Smiths' names (or any reference to "ACS employees"[1]) are noticeably missing.

Further, such general allegations fail to specifically describe any violative conduct of these Defendants. Plaintiff fails to describe any specifics about Frankel's personal involvement in any

---

[1] Pursuant to the SAC, Smith and Frankel are referred to as "ACS Employees." SAC, ¶ 69.

alleged misleading or harmful aspects of these FASPs, at most alleging that Frankel was a part of a group who created the FASPs. *See* SAC ¶¶ 68, 364, 375, 390. Plaintiff has not produced the referenced October 2013 FASP as an exhibit to her opposition, nor did she allege its contents in the SAC. Significantly, the SAC contains no allegation setting forth what approving a FASP entails. These conclusory allegations are insufficient to state a claim against these Defendants. *See, e.g., Delee v. Hannigan*, 729 Fed. App'x 25, 31 (2d Cir. 2018) .

Plaintiff further argues that there are two other paragraphs in the SAC which allege Frankel and Smith's involvement (Pl. Opp., at 5, n. 3). These paragraphs also are insufficient to sustain a claim against these Defendants. The allegations are not pled with any details about Frankel or Smith's actual personal involvement.  Thus, Plaintiff has only, at most, pled that Frankel and Smith were a part of a group who created FASPs (*see* SAC ¶¶ 201, 234), which is insufficient to demonstrate their personal involvement. *See, e.g., Polardo v. Adelberg*, 2023 U.S. Dist. LEXIS 53219, at *21 (S.D.N.Y. Mar. 28, 2023) (no personal involvement where plaintiff relied on "group pleading"); *Martinez v. Browne*, 2023 U.S. Dist. LEXIS 53350, at *26–27 (E.D.N.Y. Mar. 28, 2023). Therefore, allegations that Frankel and Smith seemingly failed to investigate and accepted false representations of others are merely conclusory and, thus, they are insufficient to state a claim against these two Defendants.

Plaintiff also argues that the allegations in ¶¶ 354-64 of the SAC somehow demonstrate that Frankel and Smith had knowledge of the entire contents of the October 2013 FASP (Pl. Opp. 5), and that their personal involvement stemmed from their failure to act on that knowledge in approving the October 2013 FASP. *Id*. Yet, only ¶364 references even one of those Defendants (*i.e.*, Frankel) and it merely alleges that he *approved* – not created – the FASP. Plaintiff's citation to ¶¶ 198 and 201 in opposition is completely unfounded and plainly incorrect. Specifically, ¶198 does not mention or refer to Smith *at all*, and ¶201 is a group pleading. These paragraphs do not

2

fairly implicate Smith or Frankel in any alleged wrongdoing. Moreover, Plaintiff fails to plead the alleged duties of Frankel and Smith and, thus, any such allegations regarding their alleged duties are conclusory and insufficient to support a claim. Pl. Opp., at 7.

### B. Frankel and Smith's entitlement to Qualified Immunity

Plaintiff describes nine alleged violations of D.S.'s rights by Frankel and Smith. However, many of these claims are against ACS generally, and not Smith or Frankel specifically. Such allegations are actually against agencies and not specific to either Frankel or Smith.

Plaintiff also claims that the approval of the FASP was so egregious that reasonable officials could not disagree about its approval and that only a plainly incompetent person would approve one. Pl. Opp at 5. As stated in City Defendants' motion papers, Plaintiff has not pleaded any specifics that would indicate that Frankel was unreasonable to approve the FASPs, where he relied on information provided to him by the Foster Care Agency Defendants. *See Doniger v. Niehoff*, 642 F.3d 334, 353 (2d Cir. 2011) (quotation omitted) ("[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted"); *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Regardless, nothing in the SAC would cause a reasonable caseworker to disagree with any of Frankel or Smith's actions here. *See Tyson v. City of N.Y.*, 2019 U.S. Dist. LEXIS 195386, at *19– 20 (S.D.N.Y. Nov. 8, 2019). Nor could they – as Frankel and Smith are barely mentioned, and where they are mentioned, the allegations fail to sufficiently state a claim against them. As to the remaining arguments proffered by Plaintiff (Pl. Opp., at 7), they are inapposite and should be disregarded.

3

## POINT II

### COUNT VI OF THE SAC SHOULD BE DISMISSED AS PROCEDURALLY DEFECTIVE AND CONCLUSORY

**A.    Plaintiff failed to file a Notice of Claim.**

Plaintiff K.S. does not dispute that she did not file a Notice of Claim. Pl. Opp., at 8. Instead, she argues she should be relieved of the duty to file a Notice of Claim because City Defendants induced her to adopt D.S. and failed to provide her with records supposedly necessary to file a Notice of Claim. *Id.* However, such alleged inducement has not occurred here. Even if fraud-in-the-inducement were somehow a viable excuse for her failure to timely file a notice of claim, there is nothing that would have prevented K.S. from seeking leave to file within 90 days after having discovered the alleged facts giving rise to her claim. Thus, her failure to file a notice of claim or to timely seek leave to file is fatal to this claim. *See Hardy v. New York City Health & Hosps. Corp.*, 164 F.3d 789, 793-94 (2d Cir. N.Y. 1999) ("Notice of claim requirements 'are construed strictly by New York state courts[,] . . . [and] [f]ailure to comply with th[o]se requirements ordinarily requires a dismissal for failure to state a cause of action."). Accordingly, this cause of action should be dismissed. *See also Smith v. City of New York*, 44 Misc. 3d 1203(A), *10, (N.Y. Sup. Ct. Bx. Cty., 2014) ("an application seeking leave to file a late notice of claim made after the expiration of the applicable statute of limitations must be denied").

Further, Plaintiff appears to be confusing her substantive claim of fraud-in-inducement with the purported defense that a municipality cannot waive a notice of claim defense and then reassert it later. For example, in *Teresta v. City of New York*, the Comptroller was improperly served with a Notice of Claim, but in response to receiving the Notice of Claim, asked the Plaintiff to appear for an examination and did not make any objection at that point. *See generally Teresta*

*v. New York*, 304 N.Y. 440 (1952). Here, the Plaintiff does not describe any action by a City Defendant that would give the impression that they had waived the notice of claim requirement.

Plaintiff argues that City Defendants have been on notice of Plaintiff's fraud-in-inducement claim for years and, City Defendants still (allegedly) withheld the above information from K.S. past the time she would have had to file her Notice. Pl. Opp., at 8. However, such alleged notice by City Defendants does not excuse a plaintiff from filing a Notice of Claim, and, significantly, Plaintiff has failed to meet her "threshold burden" of demonstrating the absence of substantial prejudice to City Defendants [of permitting her leave to file a late notice of claim and/or not dismissing this cause of action]. *See Ryan v New York City Health & Hosps. Corp.*, 2017 N.Y. Misc. LEXIS 4962, *10-11 (N.Y. Cty. Sup. Ct., 2017).

**B.      Plaintiff's allegations are not sufficiently specific to sustain a fraud claim.**

Plaintiff did not, in fact, sufficiently plead the elements of this cause of action to meet the required heightened pleading standard herein. Pl. Opp., at 8. Specifically, Plaintiff failed to describe with particularity the circumstances constituting the alleged fraud. Thus, Plaintiffs K.S. and D.S.'s cause of action should be dismissed.

The SAC lacks the required specificity regarding City Defendants. Plaintiff does not describe any alleged fraudulent statements made by any City actor. Thus, Plaintiffs' allegations seemingly amount to fraud by omission (notwithstanding the fact that the SAC alleges fraud in the inducement). This still does not obviate the requirement for specificity. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1127–28 (2d Cir. 1994). The SAC also does not identify the City employee responsible for the alleged omission(s). Since Plaintiff did not allege the fraud with particularity – crucially, failing to identify the City employee who allegedly committed the fraud – her claim fails. *See e.g., Schlenger v. Fid. Emplr. Servs. Co., LLC*, 785 F. Supp. 2d 317, 352 (S.D.N.Y. 2011). While Plaintiff alleges that she meets the heightened standards of Fed. R. Civ.

5

P. 9(b), she offers no additional evidence of any speaker or where and when such alleged fraudulent statements were made, as required under 9(b). *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1127–28 (2d Cir. 1994); *see also* Fed. R. Civ. P. 9(b). Accordingly, this claim should be dismissed.

### POINT III

#### COUNT VII OF THE SAC WARRANTS DISMISSAL AS IT FAILS TO SPECIFICALLY CLAIM A BREACH BY CITY DEFENDANTS

Plaintiff does not dispute that the SAC only raises claims concerning breach of contract against *non*-City Defendants (emphasis added). Pl. Opp., at 9. Thus, this cause of action should be dismissed as against City Defendants. Further, such dismissal should be with prejudice. Plaintiff should not be able to conduct discovery to salvage insufficiently pled claims, nor should she be able to conduct discovery on claims that have been dismissed from this action. *See El Omari v. Buchanan*, 2021 U.S. Dist. LEXIS 236933, *29 (S.D.N.Y. Dec. 10, 2021) (rejecting argument that discovery might support a claim, holding that "a plaintiff is not entitled to discovery for claims that are dismissed"); *Craig Barna & Bronsand Music, Inc. v Rigby*, 2015 N.Y. Misc. LEXIS 2007, *13 (Sup. Ct. N.Y. Cty. June 8, 2015) ("Plaintiffs are not entitled to discovery on a claim that is insufficiently pleaded"). Accordingly, this cause of action should be dismissed *with* prejudice.

### POINT IV

#### COUNT IX OF THE SAC SHOULD BE DISMISSED AS IT FAILS TO PLEAD THAT D.S. WAS DISCRIMINATED AGAINST SOLELY BASED ON HIS DISABILITY

Plaintiff argues that her discrimination claims survive because they have alleged sufficient facts to demonstrate bad faith or gross misjudgment, and the allegations were taken pursuant to policies, procedures, or practices of the DOE and ACS. As to the first argument, City Defendants did not act with bad faith or gross misjudgment, nor has Plaintiff alleged sufficient facts to show that they did. Plaintiff also cites to *Cianciotto on Case behalf of D.S. v. New York City Dep't of*

*Educ.*, 600 F. Supp. 3d 434, 459 (S.D.N.Y. 2022), for the proposition that a Section 504 violation "may be predicated on the claim that a disabled student was denied access to a free appropriate education, as compared to the free appropriate education non-disabled students received." Pl. Opp. at 12. In that case, the Court found that the defendant "turn[ed] a blind eye" to the child with respect to various issues, including bullying. *Cianciotto*, 600 F. Supp. 3d at 457. Here, while the DOE has struggled to find appropriate services for D.S., it has made continual and relentless efforts to do so, in compliance with the IDEA. Furthermore, and significantly, DOE has placed D.S. at a state-approved non-public school for the current school year.

As to Plaintiff's argument that her allegations regarding actions taken by City Defendants stem from policy decisions, those allegations are merely conclusory and not based on stated policies, the applicable law under the IDEA or Section 504. Pl. Opp. at 15. Furthermore, any such allegations do not rise to "deliberate indifference" as required under *S.W. v. Warren*, 528 F. Supp. 2d 282, 291 (S.D.N.Y 2007). These allegations are conclusory and insufficient to state a claim. Plaintiff continues by arguing that City Defendants have a policy of not offering cognitive behavioral therapy ("CBT"), dialectical behavior therapy ("DBT"), evidence-based trauma interventions, behavior therapy, family counseling, social work services, or tutoring which allegedly led to D.S. and K.S.' injuries. Pl. Opp., at 17. Even assuming the allegations are true (which they are not), they fail to sufficiently plead that D.S. was denied any such benefits solely by reason of his disability.

Finally, Plaintiff argues that the New York City Children's Center ("NYCCC") program was inadequate, but cites no case law that allegations such as these are sufficient to sustain a Section 504 claim. Pl. Opp., at 17-18. These allegations concern the hospital's policy around the grouping of children and training staff. *Id*. These alleged failures should not be imputed to the

7

City. *See Smith v. City of New York*, 2016 U.S. Dist. LEXIS 118281, *33 (S.D.N.Y. 2016). Accordingly, this cause of action should be dismissed with prejudice.

## POINT V

### COUNT X OF THE SAC SHOULD BE DISMISSED AGAINST DOE BECAUSE PLAINTIFF FAILED TO FILE A NOTICE OF CLAIM PURSUANT TO EDUC. LAW § 3813

Plaintiff K.S. alleges that she is not required to file Notice of Claim, pursuant to N.Y. C.P.L.R. § 214-g and N.Y. Gen. Mun. L. § 50-e(8). However, these laws apply only to claims relating to sexual assault, and the claims under Count X do not appear to include claims related to sexual assault; they only include claims under the New York State Constitution and State Educational Law. Without claims relating to sexual assault, Count X requires a Notice of Claim under N.Y. Educ. Law § 3813.

Plaintiff has failed to allege that she filed a notice of claim with respect to allegations in the SAC that do not relate to sexual assault. Thus, Plaintiff's state law claims that do not relate to sexual assault should be dismissed. *Rutherford v. Fla. Union Free Sch. Dist.*, No. 16-CV-9778 (KMK), 2019 U.S. Dist. LEXIS 55971, at *131 (S.D.N.Y. Mar. 29, 2019). Plaintiff also cites N.Y. Gen. Mun. L. § 50-e (8) and argues that this statute exempts her from the requirement of filing a Notice of Claim, relying on *Tylena M. v. Heartshare Children's Services*, 390 F.Supp.2d 296 (S.D.N.Y. 2005). Yet, the Court in that case addressed an entirely different circumstance and those facts do not apply here. In that case, the City was the ward of the children; here, K.S. was D.S.'s guardian for a period of time well beyond the time within which she was required to file a Notice of Claim.

Plaintiff argues that the New York State Education Laws are incorporated by reference to the IDEA, and thus, a notice of claim is not required. Plaintiff cites to the *LIH ex rel. LH v. New York City Bd. of Educ.*, 103 F. Supp. 2d 658, 666-67 (E.D.N.Y July 17, 2000) to support that

8

position. However, the cited language does not stand for this proposition. Instead, the Court explained that the IDEA creates only a "basic floor," but cites only to federal law and does not find that state educational rights are adopted as federal rights. Thus, Plaintiff's argument fails.

Plaintiff also argues that the Notice of Claim requirement is waived because she only seeks equitable relief for the education law violations. However, the cause of action does not specify what relief is sought, and the lawsuit in fact seeks equitable and monetary relief, which requires a Notice of Claim. *Sheil v. Melucci*, 94 A.D.3d 766, 768 (2d Dep't 2012). Plaintiff's argument that "a notice of claim is not required when a plaintiff seeks to vindicate a public interest rather than a private right" does not work either, as she is in fact attempting to vindicate a private interest.

Plaintiff further argues a property right in education created by Section 3202 of the Education Law and protected by the Due Process Clause of the U.S. Constitution, and that this federal claim should not be dismissed for failure to file a notice of claim. However, City Defendants do not dispute that D.S. has a right to a free education, and as demonstrated, City Defendants have diligently tried to comply with their obligation under the IDEA, but have hit various roadblocks solely due to D.S.' aggressive and violent behavior. Further, and importantly, Plaintiff is seemingly conflating City Defendants' responsibility under the IDEA with a state Notice of Claim requirement. However, they are in fact separate and distinct and each have their own requirements. The failure to file a Notice of Claim is a clear procedural defect and the remedy should be dismissal with prejudice.

Finally, Plaintiff argues that the Court should find that DOE was on notice when K.S. started caring for D.S. and when she started to litigate administrative hearings and Family Court cases, but fails to cite any case law for such a proposition. Instead, Plaintiff argues that the situation is analogous to an Equal Employment Opportunity Commission ("EEOC") charge or a complaint with the New York State Division of Human Rights ("DHR"). However, the case law is unclear

as Courts have had differing views. *Berrie v. Bd. of Educ.*, 2017 U.S. Dist. LEXIS 83623, at *22 (S.D.N.Y). For example, the Court in *United States v. New York City Dep't of Educ.*, *6-9, 2017 U.S. Dist. LEXIS 51379 (S.D.N.Y. 2017) found that the plaintiff *was* required to file a Notice of Claim under Section § 3813(1), and also found that the plaintiff's EEOC and DHR claims – just like Plaintiff's in the instant matter – were without merit, as that plaintiff did not serve any such complaint on the DOE governing board (emphasis added). 2017 U.S. Dist. LEXIS 51379 (S.D.N.Y. 2017). Given this lack of clarity, the Court should conclude that a Notice of Claims was required here.

Further, Plaintiff argues that if this Court dismisses this cause of action for failure to state a claim, it should not dismiss as to the DOE Chancellor because he is not one of the enumerated individuals set forth in Education Law § 3818. Pl. Opp. 20. This argument, however, fails as Plaintiff failed to plead any specific claims that the DOE Chancellor acted or failed to act in his individual capacity. *See*, SAC, *generally.*

## CONCLUSION

For the reasons stated herein, City Defendants respectfully request that this Court grant its motion to partially dismiss Plaintiff's Second Amended Complaint and dismiss the claims asserted against Paul Frankel and Tyanda Smith, as well as Counts VI, VII, IX, and X, in their entirety and with prejudice, together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            September 29, 2023

                                           **HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York
*Attorney for City Defendants*
100 Church Street
New York, New York 10007
(212) 356-0896
By:     /s/
      Jacquelyn Dainow and Jay Cullen
      Assistant Corporation Counsels

10