```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
K.S. et al.,                        :
          Plaintiffs,               :
                                    :           21-cv-04649 (JSR)
          -v-                       :           24-cv-03390 (JSR)
                                    :
CITY OF NEW YORK ET AL.,            :
          Defendants.               :           ORDER
------------------------------------ :
                                    x
```

JED S. RAKOFF, U.S.D.J.

At the close of a telephonic conference with the Court on September 17, 2024 (in advance of which parties had submitted letter briefing identifying fourteen discovery issues), the Court directed the parties to each submit a letter brief and response regarding two outstanding discovery issues: (1) whether this Court can compel discovery of certain non-party state records in the possession of defendants; (2) whether a statute of limitations bars plaintiffs' production requests regarding the City's special-education policies and practices. All briefing will be placed on the docket, together with this Court's order, which holds the following as to the two outstanding issues:

With respect to the first issue, this Court may order production of non-party records "when the underlying claims arise under a federal statute[.]" *Cyris Jewels v. Casner*, 2016 WL 2962203, at *6 (E.D.N.Y. May 20, 2016) (citing Fed. R. Evid. 501; *U.S. v. Goldberger & Dubin, P.C.*, 935 F.2d 501, 505 (2d Cir. 1991),

and *Barella v. Vill. of Freeport*, 296 F.R.D. 102, 107 (E.D.N.Y., 2013)). In deciding whether to compel production, the Court, however, balances "a plaintiff's interest in disclosure against the state's legitimate concern of the protecting the confidentiality of the requested information," which in this case centers on protecting "confidentiality of social services records regarding children and parents." *Id.* (internal quotation marks and citations omitted). On balance, the Court orders the production of documents, with appropriate redactions, related to D.S.'s claims of assault by R.C. in Request 1, as set forth at Page 4 of plaintiffs' September 19, 2024, letter brief. The Court denies production of those documents responsive to Requests 2, 3, and 4 pertaining to individuals other than D.S. and R.C., which are too remote to plaintiffs' claims, available from alternative sources, and/or unduly burdensome.

With respect to the second issue, the Court limits plaintiffs' discovery of educational policies and practices to school year 2017-18 and onwards. The applicable statute of limitations for claims brought under the Individuals with Disabilities Education Act ("IDEA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504"), and Sections 1983 of the Civil Rights Act ("Section 1983") is three years. *See Vinluan on behalf of D.V. v. Ardsley Union Free Sch. Dist.*, 2021 WL 3193128, at *5 (S.D.N.Y.

July 27, 2021). Equitable tolling is an "extraordinary measure" and plaintiffs carry the burden of demonstrating that such measure is appropriate. See *Upadhyay v. Sethi*, 848 F. Supp. 2d 439, 445 (S.D.N.Y. 2012) (citations omitted). The Court finds that tolling is not warranted for this discovery request because it would "frustrate federal [educational] policy" to compel the City to produce more than a decade of special-education related policies and procedures where plaintiff's foster parents could have brought a claim earlier. *Piazza v. Fla. Union Free Sch. Dist.*, 777 F. Supp. 2d 669, 691 (S.D.N.Y. 2011) ("The statutory scheme created by the IDEA, which seeks to channel such claims through administrative proceedings that allow state and local educational officials to address problems, has as its goal the prompt presentation and resolution of disputes, thus allowing the student to get the services he or she needs as quickly as possible."). This ruling does not preclude plaintiffs from arguing in the future that tolling is proper for education-related claims on other grounds, such as the tolling exceptions to the statute of limitations under IDEA. *See* 20 U.S.C. § 1415(f)(3)(D).

    SO ORDERED.

Dated:   New York, NY  
            September 30, 2024

                                              JED S. RAKOFF, U.S.D.J.