# THE LAW OFFICE OF ELISA HYMAN, P.C.

November 13, 2024

Hon. Sara L. Cave
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1670
New York, NY 10007

Re: *K.S., et al. v. City of New York (*21-cv-4649)/*K.S. v. NYC Dep't of Educ.*, 24-cv-339(JSR)

Dear Judge Cave:

The Court should deny the City's motion for the Court to reconsider its ruling and limit discovery of facts relating to individual claims concerning D.S.'s education alleged in the Second Amended Complaint ("SAC") ("Disputed Claims"). ECF No. 64.

First, the City has failed to file a proper motion under either FRCP 12 or FRCP 56 to dismiss the Disputed Claims concerning the 2010-11, 2011-12 and 2013-14 school years (SYs) ("SYs at Issue") despite having had the opportunity to do so. The Court should not continue to allow the City to use discovery motions to circumvent the process under the federal rules for raising statute of limitations ("SOL") defenses; it has been and will be prejudicial to D.S. Further, limiting discovery will (a) result in a final disposition of K.S.'s claims for the SYs at Issue, and (b) will prevent K.S. from being able to raise claims on D.S.'s behalf in any forum or refute that the SOL bars the claims. The Court already refused to dismiss the City's Section 504 claims. ECF No. 117 at 33. If the Court is considering granting the City's application (which it should not), it should give K.S. an opportunity to fully brief the issues, after the City files a motion to dismiss, that does not duplicate the motion that was already filed.

Second, the tolling issue is a red herring. Notably (and ironically), K.S. is entitled to the records she seeks even if this lawsuit did not exist. 34 C.F.R. § 300.613. Section 613 requires that the DOE "must permit parents to inspect and review any education records relating to their children that are collected, maintained, or used by the agency" and must afford access to those records "without delay." *Id*. The DOE must retain preschool records until at least three years after D.S.'s 18th birthday and other special education records until 6 years after graduation.[1] Further, the City's failure to produce D.S.'s records concerning the 2010-11, 2011-12 and 2013-14 school years (SYs) are substantive claims. SAC at ¶¶673, 704, 855-65. In a July 12, 2018 order ("2018 Order"), an IDEA hearing officer directed the DOE to produce: (1) CPSE ("Committee on Preschool Special Education") records (which concern the 2010-2011 and 2011-12 SYs); (2) D.S.'s hospital school records (3) service attendance records (produced); (4) Automate the Schools ("ATS") records (partially produced but missing 407 reports); (5) D.S.'s cumulative record; (6) any functional behavior assessments; and (6) signed signature page of all IEPs as of 2011. *See* Ex. E; SAC at X.

---

[1] 8 N.Y.C.R.R. App. L ("Retention And Disposition Schedule For New York Local Government Records (LGS-1)").

The 2018 Order was not objected to nor appealed and this action to enforce it under Section 1983 was timely filed within three years. ECF No. 1. There is no need for the Court to analyze tolling relative to these records. Similarly, a 2018 Queens Family Court had previously already ordered the City to provide all of D.S.'s education and foster care records to K.S. SAC at ¶ 673. To grant the City's application would be to deny K.S. her right to D.S.'s records and reward the City for its malfeasance.

Third, the City has not established based on the face of the SAC that K.S.'s education-related claims on D.S.'s behalf are time-barred. Whether a specific IDEA claim that is subject to administrative exhaustion is barred by an SOL requires a Court to engage in a fact-specific inquiry of when the claim accrued – *i.e.* whether "*the party knew or should have known of the alleged violation*" within two years. *See* 20 U.S.C. § 1415 (B)(6)(b) & (f)(3)(c); N.Y. Educ. Law § 4404;*K.S. v. New York City Dep't of Educ.*, 2014 WL 3866430 (E.D.N.Y. Aug. 6, 2014). A SOL defense is an "affirmative defense"; the burden falls on the party asserting it. *Id*. If the record establishes that a parent *knew or should have known* of the alleged violation on a date outside of the two-year period, the SOL does not apply if the DOE (a) failed to provide the Parent with the mandatory due process notices and safeguards; or (b) made misrepresentations that it had resolved the issues. *See* 20 U.S.C. § 1415(f)(3)(D). For claims that do not need to be exhausted, courts apply a 3-year SOL derived from New York State's personal injury limitations period. *See e.g. Stropkay v. Garden City Union Free School Dist.*, 593 Fed.Appx. 37 (2d Cir. 2014); *P.C.R. v. Fla. Union Free School District*, 2022 WL 337072 (S.D.N.Y. February 2, 2022). Courts also adopt 3-year SOL for claims under Section 504 (s*ee M.D. v. Southington*, 334 F.3d 217 (2nd Cir. 2003)) and Section 1983. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002). Those claims accrue "when the plaintiff knows or has reason to know of the injury that is the basis of the action." *BD v. DeBuono*, 130 F.Supp.2d 401 (S.D.N.Y. 2000). For the 3- year SOL adopted from state law, state law tolling rules apply. *Morse v. Univ. of Vermont*, 973 F.2d 122, 127 (2d Cir.1992), *Volpe v. New York City Dep't of Educ.*, 195 F. Supp. 3d 582 (S.D.N.Y. 2016).

Since the City has been concealing records concerning the three SYs at Issue from K.S., it cannot prove that K.S. herself was on notice of claims and has not established it provided her with due process relative to those years. The City's only argument must lie in their disputed claim that the DOE had a legally appropriate "Parent" acting in D.S.'s behalf during the SYs at Issue. Biological parents retain the status of "Parent" under the IDEA until their rights are terminated. 20 U.S.C. §§ 1401(b)(3), 1415(b)(2). If a parent is unable or unwilling to participate in the special education process, a Surrogate Parent must be appointed. *Id*. Only after rights are terminated, may a foster parent serve as a Surrogate Parent without a court order. *See* Ex. A (excerpts from documents produced by the City on September 20, 2024). Yet, the gravamen of K.S.'s claims is that the City failed to ensure that there was a legally valid Parent or Surrogate Parent to assert D.S.'s rights. SAC ¶¶31, 366, 538, 539, 566, 585, 633 839, 851, 860, 866-868. The City's records prove there was not. D.S.'s birth mother's rights were terminated in June 2012. Ex. B. However, from 2010-2012, the City permitted L.M. (the foster parent) to participate in the IEP process *without appointing her as a surrogate or obtaining a court order*. SAC ¶¶327-328. Moreover, thereafter in the 2013-14 SY, L.M. refused to serve as D.S.'s surrogate. According to DOE SESIS records, in November 2013, a DOE supervisor advised that a Surrogate Parent needed to be

"appointed." SAC ¶566; Ex. C. A December 2013 foster care record reads that "since [L.M.] has not been appointed as a surrogate parent, the school will not convene an IEP meeting with her, nor will they classify [D.S.] or place him a special education setting." Ex. D. A January 2014 SESIS note indicates that L.M. told the DOE that "*she is not comfortable with becoming a serrogate (sic) parent and suggested we contact the agency*." Ex. C. L.M. continued to refuse to respond to DOE's messages or engage with the DOE. *Id*. Eventually, an HSVS representative told the DOE that the agency would serve as the decision-maker for D.S., which the IDEA prohibits. 20 U.S.C. §§ 1401(b)(3), 1415(b)(2).

Moreover, even if the City were to prove (which it has not), that D.S. had a legally adequate "Parent" in place during the SYs at Issue, they would still have to prove that the individual had notice of the claims, and that it provided access to due process notices and safeguards. *See* 20 U.S.C. § 1415(f)(3)(D).[2] Thus, since K.S. was not D.S.'s parent at this time, she requires access to these records so she can refute claim accrual and assert tolling.

Finally, assuming the City proves that D.S.'s claims accrued outside of the limitations period, contrary to the City's claims, the question of whether "minority" tolling of Section 504 and Section 1983 claims is available has not been resolved by the Second Circuit or the Supreme Court. Other Circuit courts have applied minority tolling to the IDEA. *Shook By and Through Shook v. Gaston Cnty. Bd. of Educ*., 882 F.2d 119 (4th Cir. 1989). At least one district court has held that while minority tolling of Section 504 claims would frustrate IDEA policy, minority tolling applies to Section 1983. *Vinluan v. Ardsley Union Free School District*, 2021 WL 1063482 *8 (S.D.N.Y. March 18, 2021). *See also J.R. v. New York City Dept. of Educ*., 2015 WL 5007918 (E.D.N.Y. 2015) (applying minority tolling). Moreover, the Supreme Court has recently strictly construed the IDEA provision ensuring that the IDEA does not "restrict or limit the rights, procedures, and remedies available" under the Constitution, Section 504 or other Federal laws. *Luna Perez v. Sturgis Public Schools*, 598 U.S. 142, 150 (2023). Additionally, even if, in a traditional IDEA case, minority tolling frustrates IDEA policy, in this unusual case, failing to apply it frustrates the purpose of the IDEA. Here, the City had legal custody of D.S. during these years and should not be able to use the IDEA as a sword to prevent D.S. from alleging – through K.S. – that the City and DOE breached its obligation to him during these years to have a legally authorized IDEA decision maker or to offer him a Free Appropriate Public Education. Finally, the Court should not issue a definitive ruling on this substantive issue of tolling by way of this discovery application. The City has not submitted sufficient basis to prevent K.S. from obtaining discovery concerning the SYs at Issue.

Respectfully Submitted,

_____

Elisa Hyman
Counsel for Plaintiffs

---

[2] The DOE is required to issue Prior Written Notice ("PWN") whenever it "refuses to initiate or change the identification, evaluation, or educational placement of the child, or the provision of" a FAPE. 20 U.S.C §1415(b)(3)(B). It must also provide Procedural Safeguards advising of the IDEA's protections, including any SOL. 20 U.S.C. §1415(d). *See also* 20 U.S.C §1415(d); 34 C.F.R. §§ 300.300-328, 501-534.