

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**William B. Scoville, Jr.**
phone: (212) 356-2381
email: wscovill@law.nyc.gov
(not for service)

November 15, 2024

By ECF
Hon. Sarah L. Cave
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re: *K.S., et al., v. City of New York, et al.*, 21-cv-4649 (JSR)/24-cv-3390(JSR)(SLC)

Dear Judge Cave:

    This office represents Defendants City of New York, The Administration for Children's Services, David Hansell, New York City Department of Education ("DOE"), The Board of Education of the City School District of the City of New York, and David C. Banks (collectively "City Defendants") in the above-referenced matter.

    We write in response to Plaintiff's November 13, 2024 letter, ECF No. 179, and in further support of City Defendants' motion for reconsideration, ECF No. 169, seeking an order limiting all pending discovery issues relating to Plaintiff's educational claims against the DOE so as to limit discovery to the three administrative proceedings Plaintiff's Counsel commenced on behalf of D.S. for the 2014-2021 school years. Plaintiff does not join in this request.

    We also urge your Honor to adopt Judge Rakoff's ruling dated September 30, 2024, ECF No. 143, which limited Plaintiff's discovery into educational policies and practices to the 2017 school year forward; the Court's ruling clearly declined to apply tolling to any IDEA, Sec. 504, and Sec. 1983 educational claims predating the three-year statute of limitations applicable to the 2021 federal filing in 21-cv-04649, the consolidated case herein.

    Plaintiff's submission creates the misimpression that City Defendants have not produced documents related to D.S.'s educational program predating 2015. *See* Pltf. Ltr. at 1. First, Plaintiff, represented by the Hyman Firm, litigated the claims of denial of FAPE for the 2014-2021 school years and prevailed; within those three administrative trials, Plaintiff obtained and used substantial documentary evidence which, as all parties agree, is part of the closed DOE record in this case. Second and more to the point, notwithstanding our continuing objection to discovery aimed at the 2009-2016 school years, City Defendants have produced educational records related to D.S.'s

2011-2015 school years including, *inter alia*, IEPs, Assessments, Psychoeducational Reports, Attendance Records, Social Histories and Classroom observations. Plaintiff's pursuit of cumulative evidence serves only to protract the discovery phase of this case and should not be countenanced by the Court. It is undisputed that DOE failed to provide FAPE for those eight school years, and that Plaintiff obtained administrative orders granting the compensatory relief Plaintiff sought to redress those failures to provide FAPE. Additional discovery will not assist Plaintiff in proving the already-established educational deprivation claims in this case.

  Plaintiff, moreover, misstates the holding in *Vinluan v. Ardsley Union Free Sch. Dist.*, 2021 U.S. Dist. LEXIS 52250 (S.D.N.Y. March 18, 2021) when she erroneously asserts that "[a]t least one district court has held that while minority tolling of Section 504 claims would frustrate IDEA policy, minority tolling applies to Section 1983." Pltf. Ltr. at 2 (citing *Vinluan*). On the contrary, *Vinluan* held that "application of minority tolling to claims brought under the IDEA, ADA, and Section 504 would frustrate federal policy." 2021 U.S. Dist. LEXIS 52250, *24 (citing *Piazza v. Fla. Union Free Sch. Dist.*, 777 F. Supp. 2d 669, 691 (S.D.N.Y. 2011)), while allowing minority tolling *not to any education-related claims* but instead *only* to a Section 1983 claim alleging "the use of excessive force in the non-seizure, non-prisoner context" where defendants "physically propelled [plaintiff] from the first-floor health office to his 3rd floor Math class." *Id.* at *24, *32.

  Furthermore, Plaintiff's iteration of New York law is inaccurate where it states that "[t]he DOE must retain preschool records until at least three years after D.S.'s 18th birthday and other special education records until 6 years after graduation." Pltf. Ltr. at 2 (citing 8 N.Y.C.R.R. App. L ("Retention And Disposition Schedule For New York Local Government Records (LGS-1)")). The cited schedule in fact requires special education record retention for "6 years after <u>graduation or date of last attendance</u>." NY Comp. Codes R. & Regs. tit. 8, § App. L. (emphasis added). *See also* Retention and Disposition Schedule for New York Local Government Records (LGS-1), ex. A hereto, at 85/427.

  Defendants therefore respectfully request that your Honor reconsider and modify the Order at Docket Entry 168 so as to limit all DOE discovery to the 2014-15 school year forward and from 2017 forward for DOE policies and practices.

              Respectfully submitted,

              /s William B. Scoville, Jr.
              William B. Scoville, Jr.
              Assistant Corporation Counsel
              100 Church Street, Room 2-195
              New York, New York 10007
              (212) 356-2381
              wscovill@law.nyc.gov

cc: All appearing parties (by ECF)