UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| K.S., et al., | |
| Plaintiffs, | CIVIL ACTION NOS. 21 Civ. 4649 (JSR) (SLC) |
| -v- | 24 Civ. 3390 (JSR) (SLC) |
| City of New York, et al., | **ORDER** |
| Defendants. | |

**SARAH L. CAVE,** United States Magistrate Judge.

At the telephonic conference held today, January 2, 2025 (the "Conference"), the Court continued to discuss ongoing discovery disputes referred to the undersigned by the Honorable Jed S. Rakoff. (See Case No. 21 Civ. 4649, ECF No. 154; Case No. 24 Civ. 3390, ECF No. 37). In anticipation of the Conference, Plaintiffs submitted Letter-Motions to Compel the City and Foster Care Defendants to produce (1) additional documents (the "Document Issues") and (2) fact and Rule 30(b)(6) witnesses for continued depositions (the "Deposition Issues"). (See ECF Nos. 235, 236). Pursuant to the discussion at the Conference, the Court orders as follows:

1. As to the Document Issues:

    a. The City Defendants shall:

        i. Produce:

            1. A list of ACS policies relevant to foster care from 2007 through 2018, including the effective dates of the policies.

            2. Handwritten training sign-in sheets, which Ms. Mendez located following her deposition.

ii. Ascertain whether emails for custodians Rochester, Smith, Frankel, and Chavez are available, and if so, search for and produce emails concerning D.S. or R.C.[1]

iii. Ascertain whether emails for ACS custodians Fojas, Dyer, Moore, Delacruz, Martin, Stephen, and Connolly are available, and if so, search for and produce emails concerning monitoring of SVSI.

iv. Ascertain whether emails for custodians White, Saffayeh, Smith, Turner, Kioko, Wertzelman, Torres, Herndon, McCann, Blount, and Burke are available, and if so, search for and produce emails concerning monitoring of HeartShare and/or HSSV.

v. Inquire whether ACS's Central Office of Jurisdictional Placements ("COIP") has any records concerning a request for an inter-jurisdictional move of D.S. to Pennsylvania in 2012, and if so, produce such records.

vi. Inquire whether ACS has any FASP Desk Guide issued before the 2017 FASP Desk Guide, and if so, produce any such guides.

vii. Inquire whether ACS has the first, second, third, or fourth editions of the ACS Manual, and if so, produce those editions.

viii. Inquire whether ACS has, and if so, produce, a document retention policy concerning preservation of contracts with foster care agencies.

---

[1] Full names of the custodians in this Order are known to the parties and available from the transcript of the conference if necessary.

    ix. Inquire whether DOE has, and if so, produce, any documents concerning an application to OPA after 2015 that D.S. be transferred to a foster care agency capable of providing therapeutic care.

    x. Inquire whether DOE has, and if so, produce, any of the following:

        1. ATS records for D.S., including 407 reports.

        2. Preschool education records for D.S.

        3. Records of educational instruction D.S. received during hospitalizations in 2015, 2017, 2021, and 2023.

        4. A fiscal corrective action plan for St. Vincent's Services. (See ECF No. 235-11 at 67).

b. The Foster Care Defendants shall:

    i. Review the personnel records of three (3) additional SVSI or HSSV employees involved in providing or supervising D.S.'s foster care—whose names Plaintiffs shall provide—and produce information concerning their: (i) titles or responsibilities; (ii) training; (iii) disciplinary proceedings; and (iv) performance reviews.

    ii. Produce a declaration from Jimmy Ponce concerning steps the Foster Care Defendants took following his and Dawn Saffayeh's depositions to ascertain whether additional responsive documents existed and the outcome of those steps.

      iii. Produce Board minutes (and any attachments or appendices thereto) concerning the plan for and execution of the merger between SVSI and HeartShare.

      iv. Produce mental health treatment records for R.C., for which Plaintiffs shall provide the Foster Care Defendants' counsel with a subpoena.

2. With respect to the Deposition Issues:

    a. As to the City Defendants:

        i. Plaintiffs are allowed four (4) additional hours to conduct a Rule 30(b)(6) deposition of an ACS witness or witnesses concerning Topics 1, 2, 3, 4, 5, and 7.  (See ECF No. 168).

        ii. Plaintiffs are allowed one (1) additional hour to conduct a Rule 30(b)(6) deposition of a DOE witness or witnesses concerning Topics 1, 2, 5, and 6.  (See id.).

    b. As to the Foster Care Defendants:

        i. Plaintiffs are granted permission to conduct a deposition of John Olufemi limited to three (3) hours of on-the-record time.  To enable Plaintiffs to transmit a subpoena to Mr. Olufemi, the Foster Care Defendants shall provide Plaintiffs Mr. Olufemi's last known phone number, email address, and mailing address by **Monday, January 6, 2025.**

4

    ii. Plaintiffs may resume the deposition of Dawn Saffayeh for the time remaining in the seven-hour deposition time limit. The deposition shall be limited to topics related to Ms. Saffayeh's employment by HSSV.

    iii. By **Monday, January 6, 2025**, Plaintiffs shall file a letter no longer than two (2) pages stating which, if any, of the Foster Care Defendants' Rule 30(b)(6) deposition topics they assert have not been completed. By **Friday, January 10, 2025**, the Foster Care Defendants shall file any response of the same length.

3. The final fact and expert discovery deadlines remain in place, but the discovery schedule is modified as follows:

    a. With respect to fact discovery:

        i. The City and Foster Care Defendants must produce the documents described in this Order by **Friday, January 17, 2025**. The City and Foster Care Defendants shall file a joint letter certifying completion of these productions by **Wednesday, January 22, 2025**.

        ii. The parties shall complete the depositions of fact witnesses as set out in this Order by **Friday, January 24, 2025**.

    b. With respect to expert discovery:

        i. Plaintiffs shall disclose their experts by **Monday, February 3, 2025**.

        ii. Defendants shall disclose their experts by **Monday, February 24, 2025**.

        **iii.** Expert witness depositions shall be completed by **Friday, March 7, 2025.**

The parties shall order a transcript of the Conference and file it on the docket. The parties shall submit a single request to etranscripts@nysd.uscourts.gov by **Friday, January 3, 2025**, and shall select the "7 Day" option for service.

The Clerk of Court is respectfully directed to terminate ECF Nos. 235 and 236.

Dated:   New York, New York
         January 2, 2025

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**