UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

K.S., et al.,

                    Plaintiffs,

   -v-

City of New York, et al.,

                    Defendants.

CIVIL ACTION NOS. 21 Civ. 4649 (JSR) (SLC)
24 Civ. 3390 (JSR) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Pursuant to the Honorable Jed S. Rakoff's Order of Reference, the undersigned has overseen discovery in the above-captioned actions since October 2024. (ECF No. 154). The latest—and hopefully final—discovery disputes before the Court relate to Plaintiff's depositions of witnesses designated by the Foster Care Defendants ("FCDs") under Federal Rule of Civil Procedure 30(b)(6) ("Rule 30(b)(6)"). Broadly, Plaintiffs allege that the FCDs' Rule 30(b)(6) witnesses were unprepared to testify as to several of the topics Plaintiffs identified in their Revised Notice of Deposition (the "Revised Notice") and seek to reopen the FCDs' Rule 30(b)(6) depositions for further questioning. (See ECF Nos. 243 (the "Deficiency Letter")).[1] Predictably, the FCDs disagree. (See ECF No. 246 (the "Opposition")). For the reasons explained below, Plaintiffs' request to reopen the FCDs' Rule 30(b)(6) depositions is DENIED.

**I. BACKGROUND**

As is relevant here, the parties were to complete substantially all fact discovery by Friday, December 20, 2024. (ECF Nos. 168, 238). The Court granted the parties two limited exceptions

---

[1] For simplicity, the Court cites only to the docket entries in Case No. 21 Civ. 4649 unless otherwise noted. The terms of the Court's Order will nevertheless apply in each of the above-captioned cases.

to this deadline: (1) until January 17, 2025 to produce documents discussed at a January 2, 2025 telephonic status conference; and (2) until January 28, 2025 to complete the depositions of one of D.S.'s foster parents and the ACS Rule 30(b)(6) witnesses. (ECF Nos. 238, 256).

On October 10, 2024, Plaintiffs served the FCDs with the Revised Notice. (See ECF No. 235-12). This document identified 29 topics, some containing as many as 18 sub-topics (the "FCD Topics"), about which Plaintiffs sought to question witnesses whom FCDs designated under Rule 30(b)(6). (Id.) The parties did not seek the Court's assistance in narrowing or revising the FCD Topics, unlike the ACS and DOE Defendants, for whom the Court substantially revised and narrowed the Rule 30(b)(6) deposition topics. (See ECF Nos. 167, 168).

In the Deficiency Letter, Plaintiffs contend that (1) the FCDs failed to produce a witness with knowledge of several of the FCD Topics, and (2) they ran out of time to inquire as some of the FCD Topics. (ECF No. 243). The FCDs dispute Plaintiffs' arguments, asserting that they produced five individuals—Shanna Gonzalez, Rosalyn Chernofsky, Dawn Saffayeh, Jimmy Ponce, and Lydia King—who were the witnesses "within their control with the most knowledge of [the FCD Topics]" and who reviewed hundreds of documents in anticipation of their depositions. (ECF No. 246). They posit that some lack of knowledge "cannot be unexpected [from] witnesses" testifying as to events, policies, or procedures that "occurred [or arose] between ten and fifteen years ago." (Id. at 4). The FCDs concede, however, that Ms. Chernofsky lacked knowledge about D.S.'s care, because he was not assigned to her care team, and about contracts with the City. (Id. at 2). The FCDs also concede that they do not have, and did not produce, a witness regarding topics related to D.S.'s care while he was in the custody of St. Vincent's Services pre-affiliation. (Id. at 3).

2

On January 15, 2025, at the Court's direction, Plaintiffs submitted five transcripts of the FCD witnesses' depositions. (See ECF Nos. 247; 249 – 249-5 (the "Transcripts")). The Court has reviewed each of the Transcripts, which total over 1,000 pages, alongside the FCD Topics. (ECF Nos. 235-12; 249-1 – 249-5).

## II. LEGAL STANDARD

In relevant part, Rule 30(b)(6) of the Federal Rules of Civil Procedure provides:

> In its notice . . . a party may name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify . . . . The persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6).

"Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject." Reilly v. NatWest Markets Grp., Inc., 181 F.3d 253, 268 (2d Cir. 1999).[2] "[T]he corporate deponent has an affirmative duty to make available 'such number of persons as will' be able 'to give complete, knowledgeable and binding answers' on its behalf." Id. (citation omitted). Thus, if witnesses designated pursuant to Rule 30(b)(6) lack "personal knowledge concerning the matters set out in the deposition notice," then "the corporation is obligated to prepare them so that they may give knowledgeable answers." Spanski Enters., Inc. v. Telewizja Polska, S.A., No. 07 Civ. 930 (GEL), 2009 WL 3270794, at *3 (S.D.N.Y. Oct. 13, 2009).

---

[2] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

3

The organization "must make a conscientious good faith endeavor to designate the persons having knowledge of the matters [identified] . . . and to prepare those persons in order that they can answer fully, completely, [and] unevasively, the questions posed . . . as to the relevant subject matters." Eid v. Koninklijke Luchtvaart Maatschappij N.V., 310 F.R.D. 226, 228 (S.D.N.Y. 2015). The organization "must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 151 (S.D.N.Y. 1997). At the same time, a Rule 30(b)(6) witness is not "expected to know and testify about every detail" on a topic. Holden v. Port Auth. of N.Y. & N.J., No. 17 Civ. 2192 (JGK) (RWL), 2018 WL 11222516, at *1 (S.D.N.Y. Dec. 12, 2018); see Eid, 310 F.R.D. at 229 (explaining that, "for the court to impose sanctions, the inadequacies in a deponent's testimony must be egregious and not merely lacking in desired specificity in discrete areas").

A party's Rule 30(b)(6) topics must be "relevant to any party's claim or defense[,]" Fed. R. Civ. P. 26(b)(1), and "should be proportional to the needs of the case, not unduly burdensome or duplicative, and described with reasonable particularity." Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n, No. 14 Civ. 9371 (KPF) (SN), 2017 WL 9400671, at *1 (S.D.N.Y. Apr. 27, 2017). If the entity receiving the deposition notice does not possess knowledge of the matters listed in the deposition notice, "then its obligations under Rule 30(b)(6) obviously cease, since the rule requires testimony only as to 'matters known or reasonably available to the organization.'" Dravo Corp. v. Liberty Mut. Ins. Co., 164 F.R.D. 70, 76 (D. Neb. 1995) (quoting Rule 30(b)(6)).

4

## III. DISCUSSION

Plaintiffs set out five categories of the FCD Topics about which they allege the FCDs' Rule 30(b)(6) witnesses lacked knowledge or that their counsel lacked time to explore during depositions. (ECF No. 243). The Court addresses those topics in turn.

### A. Lack of a Knowledgeable Witness for Topics 14–18 and 21–26

Plaintiffs first assert that the FCDs failed to produce a witness with knowledge of Topics 14–18 and 21–26 as they relate to D.S. or R.C. before 2015. (ECF No. 243 at 1). These topics generally seek information specific to D.S.'s treatment and care pre-2015. (ECF No. 235-12 at 14–15). The Court observes that HeartShare Human Services and St. Vincent's Services became "affiliated" as of some point in 2014 (ECF No. 249-4 at 13), more than ten years ago. (ECF No. 246 at 3-4). While Ms. Chernofsky was the only person currently employed by the FCDs who worked for St. Vincent's Services pre-affiliation, and she did testify regarding some policies and procedures pre-2015, she was not part of D.S.'s care team and therefore understandably was not able to address details about his care. (ECF No. 249-4 at 26, 46, 59). Plaintiffs did, however, depose Ms. King, who was involved in and able to testify substantively about D.S.'s care from early 2015 forward. (ECF No. 249-1 at 22–30).

From its review of the transcripts of each of the FCDs' Rule 30(b)(6) witnesses, the Court concludes that, with respect to Topics 14–18 and 21–26 as they relate to D.S. and R.C. pre-2015, the FCDs "genuinely cannot provide an appropriate designee because [they] do not have the information, cannot reasonably obtain it from other sources, and still lack[] sufficient knowledge after reviewing all available information[,]" and therefore, the FCDs' "obligations under Rule 30(b)(6) cease." In re Lifetrade Litig., No. 17 Civ. 2987 (JPO) (KHP), 2023 WL 3244517, at *2

5

(S.D.N.Y. May 4, 2023).  Accordingly, Plaintiffs are not entitled to reopen the depositions to pose further questions regarding these topics.

### B. Lack of a Knowledgeable Witness for Topics 1, 28, and 29

Plaintiffs next argue that the FCDs failed to produce a witness with knowledge as to Topics 1, 28, and 29, which generally relate to the FCDs' document retention policies and procedures. (ECF No. 243 at 2). The FCDs designated Mr. Ponce and Ms. Saffayeh on these topics, but Plaintiffs have not provided the Court with the final transcript for Mr. Ponce, only a partial, rough transcript.  (ECF Nos. 235-10; 249).  While Mr. Ponce was not aware of hard-copy documents post-affiliation (ECF No. 118-10 at 22), Ms. Saffayeh testified about documents saved on her hard drive (ECF No. 249-3 at 149–50).  In addition, Ms. King, who was involved in D.S.'s care from early 2015 forward, testified about FCDs' practices regarding hard copy documentation during that period.  (ECF No. 249-1 at 42–46, 143).  The Court therefore finds that the FCDs satisfied their obligations under Rule 30(b)(6) with respect to these topics.

### C. Lack of a Knowledgeable Witness for Topics 2 and 3

Plaintiffs assert that the FCDs failed to produce a witness with knowledge as to Topics 2 and 3 related to the contracts pursuant to which D.S. received foster care services in 2014 and the organizational structure of the employees responsible for D.S.'s foster care before January 2015. (ECF No. 243 at 2).  As with the other topics discussed above seeking testimony pre-affiliation, however, these topics are another example of information that the FCDs appear not to have, are unable to obtain from other sources, and are unable to provide any witness with knowledge after reviewing the information available to them.  Accordingly, the Court finds that

the FCDs have no further obligations as to these topics. See In re Lifetrade Litig., 2023 WL 3244517, at *2.

### D. Lack of a Knowledgeable Witness for Topics 4–7 and 9

Plaintiffs next argue that the FCDs failed to produce a witness with knowledge as to Topics 4(a), (e), (i), (m), (n), and (q); and Topics 5, 6, 7, and 9, which relate to various foster care policies, procedures, monitoring, and audits. (ECF No. 243 at 2).

In the first instance, the Court finds this group of topics to be seeking a level of detail about which a Rule 30(b)(6) witness could not reasonably be expected to testify. (See ECF No. 235-12 at 12–13). See Eid, 310 F.R.D. at 229 (noting that sanctions are not appropriate for testimony "merely lacking in desired specificity in discrete areas"). While, on the one hand, "reasonable particularity" of the topics is required, Fed. R. Civ. P. 30(b)(6), on the other, a deposition should not be transformed into a "memory contest" regarding documents, and a Rule 30(b)(6) witness is not required to testify "to information readily available through document production." Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, N.A., Nos. 14 Civ. 9371 (KPF) (SN) et al., 2017 WL 9400671, at *2 (S.D.N.Y. Apr. 27, 2017); see Molgora v. Sharinn & Lipshie, P.C., No. 17 Civ. 3766 (SN), 2018 WL 739581, at *2 (S.D.N.Y. Feb. 6, 2018) (noting that witness "is not expected to memorialize [] details"). The parties would have been better served to request the Court's intervention before the depositions to clarify and narrow these topics so that the FCDs' designated Rule 30(b)(6) witnesses could have more efficiently prepared for the topics on which testimony was most warranted. See In re Keurig Green Mtn. Single-Serve Coffee Antitrust Litig., No. 14 MD 2542 (VSB) (SLC), 2020 WL 1430537,

7

at *1 (S.D.N.Y. Mar. 24, 2020) (denying request to reopen Rule 30(b)(6) depositions to address additional topics about which the parties did not seek judicial intervention).

In any event, from the Court's review of the transcripts, the testimony of the FCDs' Rule 30(b)(6) witnesses is, at worst, "lacking in desired specificity in discrete areas," and thus, is not sufficiently deficient or egregious to warrant reopening those depositions. Kyoei First & Marine Ins. Co. v. M/V Mar. Antalya, 248 F.R.D. 126, 152 (S.D.N.Y. 2007). The deficiencies of which Plaintiffs complain represent "only scattered topic areas over the course of" nearly seven days of witness testimony totaling over 1,000 pages and concerning foster care policies and procedures over a more than ten-year period. Leidig v. Buzzfeed, Inc., No. 16 Civ. 542 (VM) (GWG), 2017 WL 6512353, at *6 (S.D.N.Y. Dec. 19, 2017). The Court is persuaded that the witnesses the FCDs proffered were sufficiently "familiar with" the noticed subjects, Reilly v. Natwest Mkts. Grp., Inc., 181 F.3d 253, 268 (2d Cir. 1999), had relevant, substantive personal knowledge, and had prepared themselves to some extent by reviewing documents and absorbing information provided by counsel or colleagues. (See, e.g., ECF Nos. 249-1 at 14–15; 249-2 at 13–14). Although one might envision additional preparatory steps the FCD witnesses could have taken, the Court is satisfied after reviewing their testimony as a whole that the FCDs made "a good faith effort to prepare the[ir] representative witness[es] to be able to answer fully, completely, and unevasively the questions posed as to the relevant subject matters." Leidig, 2017 WL 6512353, at *5.

E. **Incomplete Questioning on Topics 4(a) and (b), 5–7, 11, and 14–29**

Finally, Plaintiffs assert that their counsel was unable to complete questioning as to Topics 4(a) and (b), concerning whether and how FCDs complied with 2009 and 2011 "Foster Care

8

Quality Assurance Standards" (see ECF No. 235-12 at 12); Topics in Section III, i.e., "D.S. Specific Topics, Including Policies, Procedures and Training" (see id. at 14–16); Topics 5 through 7, which relate to audits of the FCDs and FCDs' collection of data (see id. at 12–13); and Topics 11 and 15, which deal with staff turnover and "CONNECTIONS records" (see id. at 13–14). Plaintiffs' request is a disguised application for a further extension of the time to complete fact discovery, which, as noted above, expired on December 20, 2024 (with limited exceptions). (ECF No. 168). The Court has made clear multiple times that no further extensions would be granted. (ECF No. 241 at 18; see Transcript, K.S. v. City of New York, No. 24 Civ. 3390 (JSR) (SLC), ECF No. 90 at 30–32). In addition, as discussed at length above, Plaintiffs have not shown that the FCDs failed to prepare their Rule 30(b)(6) witnesses adequately or interfered with counsel's questioning of those witnesses, and therefore, additional time is not warranted on this basis either. See Sportvision, Inc. v. MLC Advanced Media, L.P., No. 18 Civ. 3025 (PGG) (VF), 2022 WL 2817141, at *3 (S.D.N.Y. July 19, 2022) (denying request to reopen Rule 30(b)(6) depositions). Finally, to the extent that Plaintiffs' request arises from mere dissatisfaction with the answers the FCDs' Rule 30(b)(6) witnesses provided as to the FCD Topics, that, too, is not a ground for reopening the depositions. See Fashion Exch. LLC v. Hybrid Promotions, LLC, No. 14 Civ. 1254 (SHS) (OTW), 2019 WL 13233444, at *2 (S.D.N.Y. Nov. 15, 2019) (denying request to reopen Rule 30(b)(6) depositions).

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' request for additional time to depose the FCD's Rule 30(b)(6) witnesses regarding the FCD Topics is DENIED.

Dated:      New York, New York
            January 27, 2025

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge